IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS AND OPERATING ENGINEERS**
**LOCAL 520 PENSION FUND, et al.,**

**Plaintiff,**

v.

**MAUL EXCAVATING, INC.,**

**Defendant.**                                           No.09-578-DRH

**ORDER**

**HERNDON, Chief Judge:**

  Before the Court is a motion for default judgment (Doc. 11) filed by Plaintiff. Plaintiff requests that the Court enter default judgment, presumably pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)**. The Court, however, notes that Plaintiff's motion for default does not state whether it provided notice of the entry of default and the default judgment motion as required by **LOCAL RULE 55.1(a) & (b)**.[1] In regards to Plaintiff's motion for entry of default judgment (Doc. 11), the Court **ORDERS** Plaintiff to submit a supplement to its motion informing the Court as to whether it has provided the required notice to the defaulted party and the date

---

[1] **LOCAL RULE 55.1(a)** requires a party to certify to the Court that notice of the entry of default has been sent to the defaulting party. Further, **LOCAL RULE 55.1(b)** requires a party to state in its motion for default judgment that it provided a copy of the motion to the defaulting party by mailing a copy to the defaulting party's last known address. A party is also required to inform the Court that it has mailed a copy of the motion to the defaulting party's attorney, if the filing party knows or reasonably should know the identity of the defaulting party's attorney. *See* **LOCAL RULE 55.1(b)**.

upon which that notice was sent out.  The Court **DEFERS** ruling on Plaintiff's motion until such time as it submits the proper notice.

    **IT IS SO ORDERED.**

Signed this 13th day of April, 2010.

                                              /s/   David R Herndon

                                              **Chief Judge**
                                              **United States District Court**