IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS AND OPERATING ENGINEERS**
**LOCAL 520 PENSION FUND, et al.,**

**Plaintiff,**

v.

**MAUL EXCAVATING, INC.,**

**Defendant.**                                            No. 09-578-DRH

### ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for case management purposes. On March 25, 2010 Plaintiffs filed a motion for default judgment, requesting that the Court enter default judgment, presumably pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)** (Doc. 11). However, both Plaintiffs' motion and their supporting memorandum (Doc. 12) failed to contain the proper notice as required under **LOCAL RULE 55.1 (a) & (b)**.[1]  On April 13, 2010, the Court entered an Order deferring ruling on Plaintiffs' motion for default judgment until such time as Plaintiffs

---

[1] **LOCAL RULE 55.1(a)** requires a party to certify to the Court that notice of the entry of default has been sent to the defaulting party.  Further, **LOCAL RULE 55.1(b)** requires a party to state in its motion for default judgment that it provided a copy of the motion to the defaulting party by mailing a copy to the defaulting party's last known address.  A party is also required to inform the Court that it has mailed a copy of the motion to the defaulting party's attorney, if the filing party knows or reasonably should know the identity of the defaulting party's attorney.  *See* **LOCAL RULE 55.1(b)**.  While Plaintiffs did state in their certificate of service to the motion for default judgment that they had mailed a copy of the motion for default judgment to Maul Excavating, Inc., Plaintiffs failed to state either in their motion or supporting memorandum whether the identity of the defaulting party's attorney was known and whether a copy had been sent to Defendant's attorney, if his identity was known.  Further, both documents totally fail to state whether notice of the entry of default was given to the defaulting party.  Neither document certifies that notice of the entry of default had been provided.

supplemented their motion with the proper statements as to whether the required notice was provided to the defaulting party. Plaintiffs were also instructed to provide the Court with the date on which the notice of entry of default and motion for default judgment were sent to Defendant and its attorney. As of this date, Plaintiffs have failed to file any supplemental documentation as required by the Court. Therefore, the Court **DENIES without prejudice** Plaintiffs' motion for default judgment (Doc. 11) for failure to comply with the Court's Order and provide the proper statements regarding notice to the defaulting party. The Court, however, **GRANTS** Plaintiffs leave to re-file their motion for default judgment with the proper statements regarding notice.

**IT IS SO ORDERED.**

Signed this 24th day of May, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**