IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMPLOYERS AND OPERATING ENGINEERS
LOCAL 520 PENSION FUND, et al.,

Plaintiffs,

v.

MAUL EXCAVATING, INC.,

Defendant.                                              No. 09-578-DRH

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is a motion for default judgment (Doc. 18) filed by Plaintiffs. Plaintiffs request that the Court enter default judgment, presumably pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)**. The Court notes that this is the second filing of this motion as Plaintiffs' original motion was denied without prejudice for failure to comply with **LOCAL RULE 55.1(a) and (b)**. Plaintiffs have since filed a Notice regarding their notification to Defendant (Doc. 17). While Plaintiffs state that they have complied with **LOCAL RULE 55.1** and this Court's Order by indicating in their certificate of service to both their motion for default judgment and request for entry of default that copies of those motions were sent to Defendant,

Plaintiffs have still failed to meet the requirements of **LOCAL RULE 55.1(a)**. **LOCAL RULE 55.1(a)** requires that a party certify to the Court that notice of the *entry of default* issued by the Clerk of the Court was sent by Plaintiffs to the defaulting party. Neither motions which Plaintiffs refer to indicate that Plaintiffs have provided notice of the Clerk's Entry of Default (Doc. 8) to the defaulting party at its last known address, nor does their most recent Notice regarding notification (Doc. 17) and Motion for Default Judgment (Docs. 18 & 19) indicate that such notification was provided. While Plaintiffs argue in their notice (Doc. 17) that they have complied with the **LOCAL RULE** and this Court's previous Orders by indicating in their certificate of service that the Request for Entry of Default was mailed to Defendant, the certificate does not indicate that notice was provided as to the actual Entry of Default (Doc. 8) as required by **LOCAL RULE 55.1(a)**. The requirements of the local rules are real, they are consistent with 7th Circuit jurisprudence and, therefore, not just "more hoops" for lawyers to jump through in federal court. The rules committee established them not just for the protection of the parties against whom defaults are sought, but to insure those seeking defaults do it appropriately and consistent with the rule of law established by the 7th Circuit Court of Appeals.

Accordingly, the Court **ORDERS** Plaintiff to submit a supplement to its renewed Motion for Default Judgment (Doc. 18) informing the Court as to whether they have provided the required notice regarding the Clerk's Entry of Default (Doc. 8) to Defendant and the date on which notice was sent out. Further, the Court will

once again **DEFER** ruling on Plaintiffs' motion for default judgment (Doc. 18) until adequate notice is provided.  Plaintiffs will have up to and including **June 2, 2010** to provide the proper notice or their motion for default judgment (Doc. 18) will be stricken.

**IT IS SO ORDERED.**

Signed this 26th day of May, 2010.

/s/    David R Herndon
**Chief Judge
United States District Court**