**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**EMPLOYERS AND OPERATING
ENGINEERS LOCAL 520 PENSION
FUND, et al.,**

**Plaintiffs,**

**v.**

**MAUL EXCAVATING, INC.,**

**Defendant.**                                        **No. 09-578-DRH**

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

        This matter comes before the Court on Plaintiffs' Motion for Default
Judgment (Doc. 18).  The docket reflects that Plaintiffs filed their Complaint (Doc.
2) on July 29, 2009 and Defendant Maul Excavating, Inc. was served on July 30,
2009 (Docs. 3 & 4).  Defendant failed to file a response pleading nor did it enter an
appearance.  On March 16, 2010, the Clerk's Entry of Default was issued as to
Defendant Maul Excavating, Inc. (Doc. 8).

        Plaintiffs are the trustees of Employers and Operating Engineers Local
520 Pension Fund ("the Pension Fund"), Employers and Operating Engineers Local
520 Health and Welfare Fund ("the Welfare Fund"), Operating Engineers Local 520
Joint Apprenticeship and Training Fund ("the Apprenticeship Fund"), Employers
and Operating Engineers Local 520 Vacation Fund ("the Vacation Fund"), and
Operating Engineers Local 520 Annuity Trust Fund ("the Annuity Fund").  In their
Complaint, Plaintiffs allege that Defendant is an Illinois corporation and employer

"in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and Sections 2(2), (6), and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 152(2), (6), and (7)" (Doc. 2 ¶6).  The Complaint alleges that under the terms of the collective bargaining agreement that Defendant entered into, Defendant was obligated to make  monthly reports and contribute to the Plaintiffs' Funds.  Plaintiffs also allege that the agreement provided for liquidated damages for delinquent contributions as well as for attorney's fees and other costs of collecting the delinquent contributions (*Id.* at ¶¶ 10 & 12).  Plaintiffs allege that Defendant has failed to submit its monthly reports and contributions on time (*Id.* at ¶ 14).

Plaintiffs now seek a default judgment against Defendant in the total amount of Nine Thousand Four Hundred Seventy-Seven Dollars and Fifty-Seven Cents ($9,477.57), consisting of $8,588.57 in liquidated damages for benefits paid late in January, February, March, June, July, October, and November 2008, and June 2009, as well as $474.00 in court costs and $415.00 in attorney's fees.

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**.  Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. P. 55(a)**.  The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion.  ***Homer v. Jones-Bey*, 415 F.3d 749, 753 (7th Cir. 2005)**.  "As a general rule, a 'default

judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**.  Plaintiff must then establish a right to the requested relief sought. ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)**.

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount" prayed for in the demand for judgment. **FED. R. CIV. P. 54 (c)**. Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement* Co., 722 F.2d at 1323 (citations omitted)**. Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. ***Id.*** Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); see also *In re Catt*, 368 F.3d at 793.**

The Court, however, finds that evidentiary items are missing that prevent the Court from granting Plaintiffs a default judgment against Defendant at this juncture.  First, Plaintiffs fail to specify the period of time Defendant was allegedly bound by the terms of the Bargaining Agreement.  While they have provided

a signature page with the President of Maul Excavating, Inc.'s signature, the document states that the agreement was executed on September 17, 2008, after five of the months for which Plaintiffs are seeking liquidated damages. Plaintiffs seek liquidated damages for the months of January, February, March, June, and July of 2008 but they have failed to provide any documentation showing that Maul Excavating, Inc. was bound to the agreement during that time period. Such is necessary for the Court to determine whether Defendant was obligated to pay the contributions for the time period designated as Plaintiffs allege.

Second, Plaintiffs have failed to include accurate documentary evidence to substantiate the amount of liquidated damages allegedly due in June 2008. While David Glastetter, administrative manager of the Health & Welfare, Pension, Vacation, and Annuity Funds stated that $593.59 in liquidated damages was allegedly owed to Plaintiffs by Defendant (*See* Doc. 19, Glastetter Aff. ¶ 16), the report submitted for June 2008 states that contributions totaled $7,591.60 and lists no liquidated damages amount.[1] There is no evidence to show how Plaintiffs arrived at this amount for June 2008 ($593.59) as the monthly reports do not indicate this amount.

Third, Plaintiffs' request for attorneys' fees and costs is also not properly substantiated. Plaintiffs have failed to provide an affidavit from their attorney indicating the amounts, nor have they provided any itemized documentation

---

[1] Assuming that Plaintiffs are entitled to 10% of the contributions due as liquidated damages, then Plaintiffs would be entitled to $759.16 in liquidated damages. The Court is unclear as to how Plaintiffs arrived at the amount of $593.59 in liquidated damages for June 2008 and Plaintiffs have failed to indicate the reasoning behind the discrepancy.

showing hours worked on the matter (generally provided by billing statements)[2] as well as any receipts for the costs incurred (these costs should at least be reflected on the billing statements).[3]  Plaintiffs have utterly failed to provide any evidence or documentation supporting the amount of attorneys' fees and court costs that have been incurred.

Therefore, the Court **DEFERS** its ruling on Plaintiffs' motion for default judgment (Doc. 18).  Instead, Plaintiffs are **ORDERED** to Supplement their Motion so that they may attempt to address the evidentiary deficiencies discussed in this Order.  Plaintiffs' Supplement shall be filed on or before **June 23, 2010.**  If Plaintiffs should fail to timely file a Supplement or timely request an extension, the instant Motion shall be denied.  If Plaintiffs are unable to provide the supplemental evidentiary items, they may request the Court conduct an evidentiary hearing, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)**; such motion, if necessary, should be filed in lieu of the Supplement.

**IT IS SO ORDERED.**

Signed this 10th day of June, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**

---

[2] Redacted, in part, if necessary, to preserve the attorney-client privilege.

[3] Both the affidavit and supporting documentation are needed to substantiate the claims for attorneys' fees and costs.