IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS AND OPERATING ENGINEERS
LOCAL 520 PENSION FUND, et al.,**

**Plaintiffs,**

v.

**MAUL EXCAVATING, INC.,**

**Defendant.**                                                                 No. 09-578-DRH

## ORDER AND DEFAULT JUDGMENT

**HERNDON, Chief Judge:**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Doc. 18). The docket reflects that plaintiffs filed their Complaint (Doc. 2) on July 29, 2009 and Defendant Maul Excavating, Inc. was served on July 30, 2009 (Docs. 3 & 4). Defendant failed to file a responsive pleading nor did it enter an appearance. On March 16, 2010, the Clerk's Entry of Default was issued as to Defendant Maul Excavating, Inc. (Doc. 8).

Plaintiffs are the trustees of Employers and Operating Engineers Local 520 Pension Fund ("the Pension Fund"), Employers and Operating Engineers Local 520 Health and Welfare Fund ("the Welfare Fund"), Operating Engineers Local 520

Joint Apprenticeship and Training Fund ("the Apprenticeship Fund"), Employers and Operating Engineers Local 520 Vacation Fund ("the Vacation Fund"), and Operating Engineers Local 520 Annuity Trust Fund ("the Annuity Fund"). In their Complaint, Plaintiffs allege that Defendant is an Illinois corporation and employer "in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and Sections 2(2), (6), and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 152(2), (6), and (7)" (Doc. 2 ¶6). The Complaint alleges that under the terms of the collective bargaining agreement that Defendant entered into, Defendant was obligated to make monthly reports and contribute to the Plaintiffs' Funds. Plaintiffs also allege that the agreement provided for liquidated damages for delinquent contributions as well as for attorney's fees and other costs of collecting the delinquent contributions (*Id*. at ¶¶ 10 & 12). Plaintiffs allege that Defendant has failed to submit its monthly reports and contributions on time (*Id*. at ¶ 14).

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED.R.CIV.P. 55(a)**. The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. ***Homer v. Jones-Bey*, 415 F.3d 749, 753 (7th Cir. 2005)**. "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as

to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.* 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**. Plaintiff must then establish a right to the requested relief sought. ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)**.

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount" prayed for in the demand for judgment. **FED.R.CIV.P. 54(c)**. Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted)**. Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. ***Id***. Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793.**

The docket reflects that Defendant is in default; an entry of default was issued by the Clerk on March 16, 2010 (Doc. 8). Plaintiffs have also filed the proper notices of default pursuant to **LOCAL RULE 55.1 (a) & (b)** (*See* Docs. 17 & 21). However, when the Court initially reviewed Plaintiffs' motion (Doc. 18), the Court found several evidentiary shortcomings which prevented it from issuing a default

judgment. The Court Ordered Plaintiffs at that time to provide the necessary evidence to support its award of damages (Doc. 22). Plaintiffs have since filed a Supplement which is now before the Court (*See* Doc. 24).

The Court now finds adequate documentary evidence to show that Defendant's contractual obligations with the Funds existed for the time period at issue in this case. Plaintiffs have provided the Court with copies of the Agreement signed by the Defendant for the relevant dates as well as signatures on contribution reporting forms dating back to 2007 which encompasses all of the relevant dates.[1] (Doc. 19 Exs. 1 & 2; Doc. 24 Ex. 2 & 3). Thus, for the time period sought by Plaintiffs, the Court finds the evidence adequate to support Plaintiffs' allegations that Defendant was contractually obligated to pay contributions. The Court also finds that the exhibits submitted by Plaintiffs adequately substantiate the amount of delinquent contributions sought. Plaintiffs have submitted the contribution forms for the dates at issue (Doc. 18 Ex. 6). The itemized billing statements and affidavit explaining those statements also serve to substantiate the amount sought in associated attorneys fees and costs (*See* Doc. 24 Ex. 4). Therefore, **IT IS ORDERED AND ADJUDGED** that Plaintiffs' Motion for Default Judgment (Doc. 18) is **GRANTED**. Accordingly, Judgment is entered in favor of Plaintiffs, **Employers and**

---

[1] The bargaining agreement was in effect from August 1, 2007 to July 31, 2010, but was not signed by Defendant until September 17, 2008. However, Plaintiffs have provided contribution reporting forms with Defendant's representative's signature dating back to August 2007. The evidence shows that Defendant began submitting reports and contributions under the agreement from the date of its inception. Further, the contribution forms include language which provides that a signer of the form becomes a party to the bargaining agreement even if they have not yet signed the bargaining agreement.

**Operating Engineers Local 520 Pension Fund, an employee benefit plan; Ronald Kaempfe, Eugene Keeley, Pete Korte, Ronald Johnson, Michael Parkinson, and Robert K. Germann, in their representative capacities as Trustees of the Employers and Operating Engineers Local 520 Pension Fund; Employers and Operating Engineers Local 520 Health and Welfare Fund; Ronald Kaempfe, Eugene Keeley, Ronald Johnson, Pete Korte, Michael Parkinson, and Robert K. Germann, in their representative capacities as Trustees of the Employers and Operating Engineers Local 520 Health and Welfare Fund; Operating Engineers Local 520 Joint Apprenticeship and Training Fund; Eugene Keeley, Michael Luhr, Michael Parkinson, Ronald Johnson, Mark Johnson, and Gary Thiems, in their representative capacities as Trustees of the operating Engineers Local 520 Joint Apprenticeship and Training Fund; Employers and Operating Engineers Local 520 Vacation Fund; Charles Mahoney, Tim Keeley, Ronald Johnson, David Baxmeyer, Terry Maczura, and Mark Johnson, in their representative capacities as Trustees of the Employers and Operating Engineers Local 520 Vacation Fund; Operating Engineers Local 520 Annuity Trust Fund; and Ronald Johnson, Henry Rohwedder, Michael Parkinson, Kenneth J. Kilian, Fred W. Haier, and Ronald Kaempfe, in their representative capacities as Trustees of the Operating Engineers Local 520 Annuity Trust Fund**, and against Defendant, **Maul Excavating, Inc.**, in the amount of **$8.588.57** in liquidated damages on fringe benefit contributions that were paid late by Defendant as well as **$474.00** in court

costs and **$415.00** in attorneys' fees, for judgment in the amount of **$9,477.57**.

      **IT IS SO ORDERED.**

Signed this 6th day of July, 2010.

                         /s/   David R. Herndon
                         **Chief Judge**
                         **United States District Court**